[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16380
Non-Argument Calendar

_____

D. C. Docket No. 01-10009-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN GIBSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2009)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Steven Gibson was found guilty by a jury of possession with intent to

distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him as a career offender, under U.S.S.G. § 4B1.1, to prison for a term of 140 months.[1]  Gibson now seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for crimes involving crack cocaine.  Citing our decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), the district court held that Amendment 706 was inapplicable because Gibson had been sentenced as a career offender.  Gibson now appeals.

On appeal, Gibson argues that the district court erred in concluding that it lacked authority under § 3582(c)(2) to reduce his sentence due to the fact that he was sentenced as a career offender.  Specifically, Gibson asserts that the district court had the authority to reduce his sentence because (1) he received a downward variance when originally sentenced, and (2) United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), gave the court authority to reduce his sentence.

---

[1]  This case is before this court for the third time.  In U.S. v. Gibson, 92 Fed.Appx. 781, PIN (11th Cir. 2004), we vacated Gibson's sentence of 140 months and remanded the case for resentencing.  The court reimposed the 140 months' sentence, and he appealed.  In United States v. Gibson, 434 F.3d 1234 (11th Cir. 2006), we vacated that sentence and remanded the case for resentencing.  The district court resentenced him to the same prison term, 140 months.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant sentenced to a term of imprisonment based on a sentence range that has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

The district court was prohibited from granting Gibson § 3582(c)(2) relief because, while he received a downward variance, he was sentenced as a career offender. See U.S.S.G. § 1B1.10, cmt. (n.1(A)) (prohibiting reduction where "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"); Moore, 541 F.3d at 1330 (holding that a district court lacks authority under § 3582(c)(2) to reduce a defendant's sentence when the defendant was sentenced under § 4B1.1 as a career offender). Additionally, Gibson's Booker and Kimbrough arguments are

3

foreclosed by our precedent.  See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664) (holding that Booker and Kimbrough do not apply at resentencing proceedings under § 3582(c)(2)).

AFFIRMED.